IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JENNIFER LYONS, Special Administrator of the Estate of Kyle Lyons, deceased, | ) ) ) | |
| Plaintiff, | ) ) | No. 09 C 3444 |
| v. | ) ) | Judge Robert W. Gettleman |
| ILLINOIS CENTRAL RAILROAD CO., d/b/a CANADIAN NATIONAL/ILLINOIS CENTRAL RAILROAD CO., NATIONAL RAILROAD PASSENGER CORP., d/b/a AMTRAK, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Jennifer Lyons, acting as Special Administrator of the Estate of Kyle Lyons, deceased, filed the instant action against the Illinois Central Railroad Company ("Illinois Central") in the Circuit Court of Cook County, Illinois, seeking recovery for the October 12, 2008, death of her son 17-year-old Kyle Lyons. Plaintiff later amended the complaint alleging negligence on the part of Illinois Central (Count I) and wrongful death on the part of National Railroad Passenger Corporation ("Amtrak")(Count II). Following the amendment, Amtrak removed the case to this court pursuant to 28 U.S.C. § 1446.

Defendants have now moved to transfer the instant case from this court to the United States District Court for the Southern District of Illinois in East St. Louis pursuant to 28 U.S.C. § 1404. For the reasons stated below, the motion is granted.

Plaintiff's decedent was killed on October 12, 2008, when he drove his pickup truck in front of an approaching Amtrak train at the Norton Road railroad grade crossing ("Norton Road crossing") maintained by Illinois Central in Odin, Illinois. At the time of the accident, the

decedent, plaintiff (decedent's mother), and decedent's three siblings all resided in Marion County, Illinois. Plaintiff filed a wrongful death action against Amtrak alleging that the grade crossing where the collision occurred was extra hazardous and lacked the proper warnings at the crossing. Additionally, plaintiff alleges that Amtrak was negligent in the operation of its train by failing to keep a proper lookout prior to the collision, traveling at an excessive rate of speed for the conditions, and failing to provide proper warning of the train's approach to the crossing.

28 U.S.C. § 1404(a) provides that, "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The court may transfer the case to another jurisdiction when: (1) venue is proper in both the transferor and the transferee courts; (2) transfer is for the convenience of the parties and witnesses; and (3) transfer is in the interest of justice. Coffey v. Van Dorn Iron Works, 796 F.2d 217, 219 (7th Cir. 1986). The moving party has the burden of showing that the circumstances favor a transfer. Moore v. Motor Coach Industries, Inc., 487 F.Supp.2d 1003, 1006 (N.D. Ill. 2007). A transfer must promote the efficient administration of justice, rather than simply shift the inconvenience from one party to the other. See Black v. Mitsubishi Motors Credit of America, Inc., 1994 WL 424112, *1 (N.D. Ill. Aug. 10, 1994).

Both parties agree that venue is proper in either district. The court thus has the discretion to transfer the case if doing so is in the interest of justice and for the convenience of the parties and witnesses. In evaluating the convenience and fairness of a transfer, the court must consider relevant private and public interests. The private interests include: (1) plaintiff's initial choice of forum; (2) the situs of material events; (3) ease of access to sources of proof; (4) the availability

2

of compulsory process for the attendance of unwilling witnesses and the cost of obtaining the attendance of the witnesses; and (5) the convenience to the parties, specifically their respective residences and their ability to bear the expense of litigation in a particular forum. Georgouses v. NaTec Resources, Inc., 963 F. Supp. 728, 730 (N.D. Ill. 1997).

Ordinarily, a plaintiff's choice of forum is entitled to substantial weight, particularly when it is also plaintiff's home forum. Vandeveld v. Christoph, 877 F. Supp. 1160, 1167 (N.D. Ill. 1995). Plaintiff's choice is not, however, conclusive, and if "the conduct and events giving rise to the cause of action did not take place in plaintiff's selected forum, the plaintiff's preference has minimal value," even if it is plaintiff's home forum. Dunn v. Soo Line Railroad Co., 864 F. Supp. 64, 65 (N.D. Ill. 1994). In the instant case, plaintiff's selected forum is not her home forum, but is the forum where Amtrak is headquartered in Illinois and conducts a significant volume of its business. Notably, neither the collision nor defendants' alleged negligent conduct took place in the Northern District of Illinois ("Northern District"). Instead, the events triggering the instant litigation occurred at or near the Norton Road crossing in the Southern District of Illinois ("Southern District"). Consequently, plaintiff's choice of venue has little value, and both the first and second factors of the court's analysis favor transfer of venue.

The third and fourth factors, ease of accessing proofs and availability of witnesses, also weigh in favor of transfer because the primary investigations occurred in close proximity to the accident and a majority of witnesses live or are employed in Southern Illinois. In reaching a decision, the court must consider not only the number of witnesses, but also "'the nature and quality of the testimony'" (internal citations omitted) of each potential witness. Tensor Group, Inc. v. All Press Parts & Equip., Inc., 966 F. Supp. 727, 729 (N.D. Ill. 1997). The witnesses

3

located in or close to the Southern District include: the decedent's friends who were with him in the hours before the collision; the numerous Marion County police department and fire personnel who responded to and investigated the accident; the Illinois State Police officers based in Effingham County who conducted post-accident investigation; the Illinois Central track inspector who lives in Marion County; and the decedent's family members who can testify regarding damages. The witnesses located closer to Chicago include: the Amtrak train engineer; second engineer; conductor; the assistant conductor of the train involved in the collision; and Amtrak representatives responsible for safety policies and procedures. The final group of witnesses are two representatives from the Illinois Commerce Commission in Springfield, Illinois (in the Central District of Illinois), who were involved in investigating the collision.

While it is unclear at this stage in the litigation what the exact nature of all the testimony will be, the key witnesses will likely be the Amtrak engineer driving the train, any witnesses who saw the collision, the Marion County police and emergency personnel responding to the accident, the Illinois State Police investigator responsible for compiling the primary post-accident report, and the Illinois Central track inspector for the Norwood Road crossing. Because all of these individuals either reside in proximity to the Southern District or frequently travel there,[1] a trial in that district could allow for greater availability of key witnesses and proofs.

The fifth and final factor, convenience of the parties, appears to be neutral here. Although the plaintiff resides in the Southern District and the defendants are headquartered in the Northern District, this appears to have no bearing on their willingness to bear the expenses of

---

[1] Although the Amtrak engineer, Wyman Sutton, resides in northern Indiana, as part of his employment he travels between Chicago and St. Louis on a daily basis according to defendants.

4

travel and litigation to their respective favored forums. While it may be more convenient for plaintiff's attorneys to litigate this case in their home forum, this has no bearing on the court's analysis.

In addition to the private interest factors, which weigh in favor of transfer, the court must also consider the public interest factors, which include: (1) the relation of the community to the occurrence at issue in the litigation and the desirability of resolving the controversies in their locale; (b) the court's familiarity with the applicable law; and (c) the congestion of respective court dockets and the prospect for earlier trial. <u>Georgouses</u>, 963 F. Supp. at 730.

The last two factors are neutral in the instant case because both districts are familiar with Illinois law and no evidence was presented that either court is substantially more congested or less efficient than the other. The first factor, however, weighs heavily in favor of a transfer to the Southern District because that is where the accident occurred and that is where the decedent and his family lived. See <u>Carter v. Clark Material Handling Co.</u>, 1998 WL 89244, *3 (N.D. Ill. Feb. 6, 1998). The residents of Marion County and the Southern District have a compelling interest in ensuring that any safety issues at the Norton Road crossing or with trains passing through that crossing are addressed. In contrast, residents of the Northern District have only a general interest in defendants' safe operation of their trains and crossing maintenance, which is outweighed by the specific interests of Southern District residents. Therefore, the interests of justice support transferring this case to the Southern District of Illinois.

For the foregoing reasons, defendants' motion to transfer venue to the Southern District of Illinois is granted.

**ENTER:** **December 18, 2009**

_____
**Robert W. Gettleman**
**United States District Judge**

5